# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

| | | |
|---|---|---|
| TERIKA DEAN, Trustee of The HUDDIE LEDBETTER FAMILY TRUST, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| THE RICHMOND ORGANIZATION, INC., CROMWELL MUSIC, INC., ESSEX MUSIC, INC., FOLKWAYS MUSIC PUBLISHERS, INC., HOLLIS MUSIC, INC., LUDLOW MUSIC, INC., MELODY TRAILS, INC., SONGWAYS SERVICES, INC., WORLD WIDE PUBLISHING CO., and WORLDWIDE PUBLISHING, INC., | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. |
| Defendants. | ) | |

## COMPLAINT

## THE PARTIES

1. The Plaintiff is the duly appointed and acting Trustee of the Huddie Ledbetter Family Trust and succeeded to all rights, title and interest to the copyrights and copyright interests of Huddie Ledbetter who died in 1949. Huddie Ledbetter was professionally known as "Lead Belly," a legendary songwriter and blues artist, and a revered pioneer of blues music.

2. Plaintiff is a citizen of Tennessee, and she resides in this judicial district. The Defendants are each affiliated corporations, organized and existing under the laws of the State of New York, with their principal places of business located in New York City, New York at the same address. As described hereinafter, Huddie Ledbetter, or his heirs, entered into music publishing agreements with the Defendants and/or their successors, which granted to Defendants

the exclusive right to exploit the Compositions, as well as conveying to them worldwide rights to exploit those Compositions, including the copyrights therein.

**JURISDICTION and VENUE**

3. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331, as they present federal questions, more particularly, as they arise under the Copyright Act, 17 U.S.C. § 101, et seq., of which this Court has exclusive subject matter jurisdiction; and any contract claims pursuant to 28 USC §1332, as there is complete diversity of citizenship and the matter in controversy, exclusive of interest and costs, exceeds $75,000.

4. Because they have entered into contracts which are performed in the State of Tennessee, and otherwise, Defendants have purposefully availed themselves of personal jurisdiction in the State of Tennessee because they have regularly: (a) pursuant to those agreements, done business by sending royalty payments and accountings of the proceeds from exploitation of the Compositions to Plaintiff in Tennessee, which is the locus of the source of the rights Defendants are exploiting; (b) caused harm and damages in Tennessee by sending to Plaintiff, in Tennessee, inaccurate royalties and and royalty statements, as well as the ensuing underpayments of amounts owed to Plaintiff; (c) impeded the rights of the Plaintiff in Tennessee to its ownership rights of the Compositions in Tennessee; caused harm to Ms. Dean, and usurped and infringed her rights, in Tennessee.

5. Venue is proper in this Court because Defendants reside in this judicial district for venue purposes, as they are subject to this Court's personal jurisdiction pursuant to T.C.A. §20-2-223 (1) – (4) for the reasons stated above and personal jurisdiction here is consistent with due process.

2

<u>FACTS</u>

6. On or about March 18, 2013, August 18, 2014, and August 20, 2014, Queen Ollie Robinson, a resident of Brentwood, Tennessee, and the niece of Martha Ledbetter, widow of Huddie Ledbetter, and the Administratrix of The Estate of Huddie Ledbetter, deceased, ("The Estate") served proper Notices of Termination upon the Defendants for forty-nine (49) different musical Compositions of which Huddie Ledbetter was author, pursuant to 17 U.S.C. § 304 of the Copyright Act ("the Terminations"). Those Compositions are identified on Collective Exhibit A, attached hereto.

7. The Terminations serve to terminate the grants of rights made to Defendants by Martha Ledbetter, now deceased, the widow of Huddie Ledbetter, who was deceased at the time of the grants. The Terminations were effected by the unanimous action of the survivors of Martha Ledbetter and they became effective, as a matter of law. Plaintiff now holds those termination rights pursuant to 17 U.S.C. 304, and the ownership of the copyrights and the Compositions.

8. In addition, and/or in the alternative, Plaintiff has conducted an audit of the books and records of Defendants and determined that they have underpaid the Plaintiff royalties owed for exploitations of the Compositions, and otherwise.

9. For example, with respect to the Composition "Goodnight Irene", in an agreement between Martha Ledbetter and Defendant Folkways Music Publishers, Inc. dated September 6, 1950, Defendant agreed to pay "one-third (1/3) of all monies earned…accrued from royalties due us [Folkways] on this song." In breach of this obligation, Defendant has paid only a fraction of those sums to Plaintiff.

10. The audit also determined that Defendants have been applying excessive deductions from royalties paid to Plaintiff. Defendants assert that they are entitled to reduce royalties otherwise payable because, with respect to foreign income, they allegedly incurred "fees" of collection incurred by its foreign affiliates, even though those foreign affiliates operated as a single

3

economic enterprise and are affiliates of Defendants. Further, the audit determined that, as described above, Defendants retained domestic income, which should have been paid to Plaintiff, with respect to earnings for the Compositions which had been terminated. In addition, the audit determined that Defendants have wrongfully retained United States-generated performance income for Compositions which had been terminated, and the earnings also should have been paid to Plaintiff.

The audit concluded that, even if Defendants had the right to exploit the Compositions, in excess of $289,000 has been wrongfully retained by Defendants, which is due and owing Plaintiff, after demand.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment as follows:

(1) That Defendants have willfully infringed Plaintiff's copyrights in the Compositions, rendering Defendants liable to Plaintiff, for the remedies set forth in 17 U.S.C. § 504;

(2) Plaintiff have and recover statutory damages, and attorney's fees, pursuant to the remedies set forth in 17 U.S.C. § 505;

(3) Plaintiff recover damages in excess of $289,000 pursuant to the audit claims as further damages from copyright infringement and otherwise; and,

(4) For such other and further relief to which Plaintiff may be entitled; and,

## JURY DEMAND

Plaintiff demands a jury.

4

Respectfully submitted,

**GRIFFIN BOWEN, PLLC**

*/s/ Jay S. Bowen*
Jay S. Bowen, TN Bar No. 2649
Jacob T. Clabo, TN Bar No. 36760
48 Music Square East
Nashville, Tennessee 37203
(615) 742-4800
jbowen@griffinbowen.com
jclabo@griffinbowen.com

*Attorneys for Plaintiff*